United States Bankruptcy Court
Western District of Oklahoma

In re:                                                          Case No. 14-12055-NLJ
John Edward Phillps                                             Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 1087-5          User: srus          Page 1 of 1          Date Rcvd: May 15, 2014
                              Form ID: pdf004     Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 17, 2014.
db          +John Edward Phillps,    2112 NW 38th Street,   Oklahoma City, OK 73112-7522
aty         +Tearsa Storms Olson,    Storms Law Office,   2400 NW 23rd St., Ste. 102,
             Oklahoma City, OK 73107-2408
tr          +John T. Hardeman,   PO Box 1948,   Oklahoma City, OK 73101-1948
smg          Oklahoma Employment Security Commission,    PO Box 53039,   Oklahoma City, OK 73152-3039
smg          Oklahoma Tax Commission,    Legal Division,   120 N Robinson Suite 2000W,
             Oklahoma City, OK  73102-7801
5532708     +Jake G Pipinich,    Pierce Couch Hendrickson Baysinger Green,    907 South Detroit, Suite 815,
             Tulsa OK 74120-4205
5532709      James Theissen,   Baer Timberlake Coulson,   Oklahoma City OK 73154
5532710    ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
             ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,   FORT MILL SC 29715-7203
             (address filed with court:  Wells Fargo Hm Mortgag,   8480 Stagecoach Cir,   Frederick MD 21701)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust         +E-mail/Text: KATHERINE.WIELAND@USDOJ.GOV May 15 2014 22:47:46    U.S. Trustee,
             United States Trustee,   215 Dean A. McGee Ave., 4th Floor,   Oklahoma City, OK 73102-3444
5532707     +E-mail/Text: g20956@att.com May 15 2014 22:47:41    AT&T,   c/o Midland Bankruptcy,
             5407 Andrews Hwy,   Midland TX 79706-2851
                                                                                        TOTAL: 2

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2014                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 14, 2014 at the address(es) listed below:
          Tearsa Storms Olson    on behalf of Debtor John Edward Phillps tearsastorms@gmail.com,
          tstorms.stu@my.okcu.edu
          U.S. Trustee    Ustpregion20.oc.ecf@usdoj.gov
                                                                                TOTAL: 2

# United States Bankruptcy Court
## Western District of Oklahoma

In re  __John Edward Phillps__                Case No. _____

                                Debtor(s)      Chapter   __13__

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$930.23** per month for **60** months.

   Total of plan payments: **$55,813.80**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:   **10.00**%
      (2) Attorney's Fee (unpaid portion):   **$2,036.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):   **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
|---|---|---|
| -NONE- | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

         Claimant and proposed treatment:   **-NONE-**

      (2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

c.  Secured Claims

(1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Wells Fargo Hm Mortgag** | **Lot Thirty-six (36), Thirty-seven (37) and Thirty-eight (38), in Block Seventy (70), Block 62 to 71 Inclusive, Putnam Heights Second Addition to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof. AKA 2112 NW 38th Street** | **350.00** |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Wells Fargo Hm Mortgag** | **62,644.83** | **706.00** | **5.50%** |

d.  Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid **0** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **Wells Fargo Hm Mortgag** | **5,836.18** | **0.00%** |

6.  The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
**Debtor's Employer: Pirates Alley**
**$214.67 to be deducted Weekly and remitted to the Trustee.**

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **AT&T** | **2 Year Contract Expires August 2014 at approx. $113.27 per month** |

9. Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

Date  **May 14, 2014**          Signature  /s/ John Edward Phillips
                                          **John Edward Phillps**
                                          Debtor

Date  **May 14, 2014**          Signature  /s/Tearsa Storms Olson
                                          **Tearsa Storms Olson, OBA 30265**
                                          Storms Law Office, PC
                                          2400 NW 23rd Street, Suite 102
                                          Oklahoma City, OK 73107
                                          Tel: 405-582-0012
                                          Fax: 405-212-4872
                                          E: tearsastorms@gmail.com
                                          Attorney for Debtor